**Gregory P. GILMORE, an individual, Plaintiff—Appellant,**

v.

**UNITED STATES of America, a Sovereign nation, Defendant— Appellee.**

**No. 03–17077.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 15, 2005.

Decided May 3, 2005.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Jeffrey A. Dickerson, Esq., Reno, NV, for Plaintiff—Appellant.

Gregory W. Addington, USRE—Office of the U.S. Attorney, Reno, NV, for Defendant—Appellee.

Before GOODWIN, BEEZER, and O'SCANNLAIN, Circuit Judges.

## MEMORANDUM *

This case involves a medical malpractice action against the United States under the Federal Tort Claims Act (FTCA). Plaintiff Gregory Gilmore alleges that the factual findings entered by U.S. Magistrate Judge Robert A. McQuaid after a bench trial were clearly erroneous. We conclude that none of the district court's factual findings are clearly erroneous. We AFFIRM.

---

We review a trial court's findings of fact following a bench trial for clear error. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir.2002). We "accept the [trial] court's findings of fact unless we are left with the definite and firm conviction that a mistake has been committed." *N. Queen Inc. v. Kinnear*, 298 F.3d 1090, 1095 (9th Cir.2002) (citation and internal quotation marks omitted). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Williams v. Woodford*, 384 F.3d 567, 592 (9th Cir.2004) (quoting *Anderson v. Bessemer City*, 470 U.S. 564, 574, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985)).

## I

■ Dr. Plecha departed in this case from his "usual" practice of recording his preoperative conversations with his patient about the risks of surgery in the patient's chart. This fact does not compel the conclusion that Dr. Plecha also departed in this case from his "unwavering" practice of having the discussion with the patient. The record does not suggest that these two practices are invariably tied together. Gilmore's testimony that he does not recall the conversation is not determinative. Gilmore did not recall the details of other conversations with his doctors that undisputedly took place. The trial court's finding that Dr. Plecha met with and advised Gilmore of the risk of nerve damage before the surgery is not clearly erroneous.

## II

■ After analyzing all of Gilmore's medical records, Dr. McHugh concluded that the most likely cause of Gilmore's postoperative pain was a complex regional pain problem rather than a nerve injury. Dr. McHugh testified that the following evidence supports this conclusion: the second surgery, which was specifically designed to eliminate any pain from a nerve injury, was unsuccessful; the second surgery revealed that Gilmore's nerves and other tissues were normal and showed no scars, neuromas or other lesions, or damage to the axon that would suggest that nerve damage was the cause of Gilmore's pain; a nerve injury would have resulted in a localized sensitive area, rather than the diffuse symptomatic pain that Gilmore felt; and the one successful nerve block was likely due to the placebo effect. This testimony and the other evidence in the record supports the trial court's finding that Gilmore's chronic pain was not caused by nerve damage at the hernia repair site.

## III

■ Gilmore testified that his hernia was getting bigger and more painful, and that he was "highly motivated to have the surgery to get relief from the unpleasant painful symptoms [he] was experiencing." Other evidence showed that Gilmore signed a preoperative consent form without asking any questions or expressing any concerns or reservations; the consent form indicated that the risks of his surgery included the risk that the anesthesia would cause "changes in blood pressure, drug reactions, cardiac arrest, brain damage, paralysis or death." Drs. Cafferta, Beenfeldt, Plecha, and McHugh testified that surgical repair was the only viable medical option. The district court considered the evidence and properly concluded that Gilmore's testimony that he would not have proceeded with the surgery had he been advised of the risk of nerve injury was not credible. *See Smith v. Cotter*, 107 Nev. 267, 810 P.2d 1204, 1209 (1991) (stating that court may consider risks of remaining untreated, viable alternatives, and witness testimony on patient's demeanor in evaluating whether plaintiff's assertion that he

or she would have refused the treatment was reasonable); *see also Goodman v. United States,* 298 F.3d 1048, 1054 n. 6 (9th Cir.2002) (stating that "in an action under the FTCA, a court must apply the law the state courts would apply in the analogous tort action").

AFFIRMED.